**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 39728 & 39729**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 453 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 23, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SHAWN MICHAEL HORN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Orders relinquishing jurisdiction, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>; order granting I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In Docket No. 39728, Shawn Michael Horn entered an *Alford*[1] plea to aggravated assault. I.C. §§ 18-901, 18-905. In exchange for his guilty plea, an additional charge of robbery was dismissed. The district court sentenced Horn to a unified term of five years, with a minimum period of confinement of one year, but suspended the sentence and placed Horn on probation. Horn admitted to violating the terms of the probation, served thirty days in jail, and was again placed on probation. Thereafter, Horn again admitted to violating his probation. The district

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

court revoked probation, ordered execution of the sentence, but retained jurisdiction. Following successful completion of his rider, the district court once again placed Horn on probation.

In Docket No. 39729, Horn pled guilty to burglary. I.C. § 18-1401. In exchange for his guilty plea, an additional charge of grand theft was dismissed. The district court sentenced Horn to a unified term of five years, with a minimum period of confinement of three years, to run concurrent with Horn's sentence for aggravated assault.

Because of Horn's conviction for grand theft, the district court revoked Horn's probation with regard to the aggravated assault. The district court ordered execution of Horn's aggravated assault sentence and retained jurisdiction in both cases.

After Horn completed his rider, the district court relinquished jurisdiction. Horn filed I.C.R. 35 motions for reductions of his sentences. The district court denied Horn's motion as to his sentence for aggravated assault. Regarding Horn's motion to reduce his sentence for burglary, the district court granted the motion and reduced Horn's sentence to a unified term of five years, with a minimum period of confinement of two years. Horn appeals, claiming that the district court erred by relinquishing jurisdiction, that his sentences are excessive, the district court erred in denying his Rule 35 motion as to his aggravated assault sentence, and erred in granting his Rule 35 motion for his burglary sentence by not further reducing his sentence. Horn also asserts that the Idaho Supreme Court deprived him of his right to due process when it only partially granted a motion to augment the record on appeal.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Horn has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Horn also contends that his sentences are excessive, constitute an abuse of discretion, and that the district court should have sua sponte reduced his sentences. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App.

2

1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Horn argues that all of the relevant goals of sentencing could have been accomplished with probation or another period of retained jurisdiction. As noted above, however, the district court found that probation was not an appropriate course of action in Horn's case. Horn has failed to show that the district court abused its discretion in Horn's cases.

Horn further asserts that the district court erred in denying Rule 35 motion for reduction of his aggravated assault sentence and that, although the district court granted his rule 35 motion as to his burglary sentence, the district court should have further reduced that sentence.

Initially, we note that a lower court's decision to grant or deny a Rule 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Since the district court later modified Horn's burglary sentence, pursuant to his Rule 35 motion, we will only review Horn's modified sentence for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992). Horn has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce his sentences. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Horn has failed to show such an abuse of discretion.

Finally, Horn asks this Court to hold that the Idaho Supreme Court deprived him of due process when it denied his motion to augment the record. We do not, however, have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a

new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id*. Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

Horn has not filed with this Court a renewed motion to augment the record or presented to this Court in his briefing any significant new facts or a new justification for augmentation beyond that already advanced in his motion to the Supreme Court. In essence, Horn asks us to determine that the Idaho Supreme Court violated constitutional law by denying his motion. As this is beyond the scope of our authority, we will not address the issue further.

The orders of the district court relinquishing jurisdiction, Horn's sentences, and the district court's orders denying and granting his Rule 35 motions are affirmed.