IN THE COURT OF APPEALS OF THE STATE OF IDAHO

**Docket No. 39495**

STATE OF IDAHO,                                    )        2013 Unpublished Opinion No. 504
                                                   )
    Plaintiff-Respondent,                      )        Filed: May 22, 2013
                                                   )
v.                                                 )        Stephen W. Kenyon, Clerk
                                                   )
MARK FREE,                                         )        THIS IS AN UNPUBLISHED
                                                   )        OPINION AND SHALL NOT
    Defendant-Appellant.                       )        BE CITED AS AUTHORITY
                                                   )

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Deborah A. Bail, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Mark Free was convicted of attempted strangulation, Idaho Code § 18-923.  The district court imposed a unified ten-year sentence with three years determinate, suspended the sentence and placed Free on probation.  Following a report of probation violations, the district court revoked Free's probation and retained jurisdiction.  At the close of the retained jurisdiction period, the district court suspended the sentence and placed Free on probation.  Subsequently, Free admitted to violating several terms of the probation.  At the probation violation disposition hearing, Free orally requested reduction of his sentence pursuant to Idaho Criminal Rule 35.  The district court denied the motion, revoked probation, and ordered execution of the original sentence.  Free appeals, contending that the district court abused its discretion in denying his oral

1

I.C.R. 35 motion for reduction of sentence. Free also asserts that the Idaho Supreme Court deprived him of his rights to due process, equal protection, and the opportunity for effective assistance of appellate counsel when it denied his motion to augment the record on appeal.

Free asks this Court to hold that the Idaho Supreme Court deprived him of due process, equal protection, and the opportunity for effective assistance of appellate counsel when it denied his motion to augment the record and motion for reconsideration. We do not, however, have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id.* Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

Free has not filed with this Court a renewed motion to augment the record or presented to this Court in his briefing any significant new facts or a new justification for augmentation beyond that already advanced in his motion to the Supreme Court. In essence, Free asks us to determine that the Idaho Supreme Court violated constitutional law by denying his motions. As this is beyond the scope of our authority, we will not address the issue further.

A Rule 35 motion is a request for leniency which is addressed to the sound discretion of the sentencing court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 159 P.3d 838 (2007). Our focus on review is upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App.

2

1982).  Where a sentence is not illegal, the appellant must show that it is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution.  *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

Having reviewed the record, including any new information submitted with Free's Rule 35 motion, we find no abuse of discretion in the district court's denial of the motion.  For the foregoing reasons, the district court's order denying Free's oral Rule 35 motion for reduction of sentence is affirmed.