IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40694

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 367 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 10, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MANUEL S. DELTORO-CUEVAS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Order revoking probation and requiring execution of unified ten-year sentence with one-year determinate term for felony injury to a child, and concurrent 180-day sentence for excessive driving under the influence, affirmed

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

PER CURIAM

Manuel S. Deltoro-Cuevas was convicted of felony injury to a child, Idaho Code § 18-1501(1), and misdemeanor excessive driving under the influence, I.C. § 18-8004C(1). The district court imposed a unified ten-year sentence with a three-year determinate term for felony injury to a child and a concurrent sentence of 180 days for excessive DUI, but after a period of retained jurisdiction, suspended the sentence, and placed Deltoro-Cuevas on probation. Subsequently, Deltoro-Cuevas admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the sentence, reducing the determinate term to one year. Deltoro-Cuevas appeals, contending that the district court

1

abused its discretion in revoking probation without further sua sponte reducing his sentence upon revoking his probation. Deltoro-Cuevas also asserts that the Idaho Supreme Court deprived him of due process, equal protection, and effective assistance of counsel when it denied his motion to augment the record.

Deltoro-Cuevas asks this Court to hold that the Idaho Supreme Court deprived him of due process equal protection, and effective assistance of counsel when it denied his motion to augment the record. We do not, however, have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id.* Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

Deltoro-Cuevas has not filed with this Court a renewed motion to augment the record or presented to this Court in his briefing any significant new facts or a new justification for augmentation beyond that already advanced in his motion to the Supreme Court. In essence, Deltoro-Cuevas asks us to determine that the Idaho Supreme Court violated constitutional law by denying his motion.

We adhere to our conclusion in *Morgan* that reviewing the denial of a motion to augment the record by the Supreme Court is beyond the scope of our authority. If a party files a renewed motion after the case assignment to this Court and presents new information or justification for the motion, we have the authority to rule on the motion. Deltoro-Cuevas had an opportunity to present his constitutional arguments to the Supreme Court and that Court denied his motion. He has no right to appeal that denial to the Idaho Court of Appeals, and we have no authority to consider such an appeal. Therefore, we will not address Deltoro-Cuevas's attempt to distinguish

his case from *Morgan*, based on his appeal from the sentence, because it still falls within the challenge to the Idaho Supreme Court's denial of the motion to augment.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation without further reducing Deltoro-Cuevas's sentence. Therefore, the order revoking probation and directing execution of Deltoro-Cuevas's sentence, as reduced by the court, is affirmed.