# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39057

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Opinion No. 38 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 10, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ANDREW DALLAS MORGAN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Deborah A. Bail, District Judge.

Order of the Idaho Supreme Court denying motion to augment the record on appeal, affirmed; order of the district court revoking probation, affirmed.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Andrew Dallas Morgan appeals from the Idaho Supreme Court's order denying his motion to augment the record and the district court's order revoking his probation.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Morgan with one count of burglary, Idaho Code § 18-1401, and three counts of grand theft, Idaho Code §§ 18-2403(1), 2407(1)(b).  Pursuant to a plea agreement, Morgan pled guilty to one count of grand theft and the State dismissed the remaining charges.  The district court imposed a unified sentence of seven years with two years determinate, ordered Morgan to serve 120 days in the Ada County jail, and then suspended the balance of the sentence and placed Morgan on probation for seven years.

In August 2009, the State filed a report alleging that Morgan violated his probation.  The report listed several probation violations including failing to complete the required treatment

1

program, failing to inform his probation officer that he had been terminated from his employment, failing to inform his probation officer that he had been prescribed narcotics, and driving without a license and insurance. On November 29, 2009, Morgan admitted certain violations,[1] and on January 14, 2010, the district court revoked his probation but retained jurisdiction. Following the period of retained jurisdiction, the district court again placed Morgan on probation. In May 2011, the State filed a second probation violation report. The report listed several violations including termination from the required treatment program for poor attendance and violations of behavior contract, failing to pay supervision fees and restitution, having contact with another probationer, and using prescriptions contrary to the manner prescribed by his physician. On May 23, 2011, Morgan again admitted certain violations,[2] and on July 22, 2011, the district court revoked probation and ordered execution of the original sentence. Morgan filed a timely notice of appeal from the second probation violation disposition order.

On appeal, Morgan filed a motion to suspend the briefing schedule and to augment the appellate record with transcripts of the probation violation admission hearing held November 29, 2009, and the probation violation dispositional hearing held January 14, 2010, that were associated with his first probation violation. The State objected to the motion. The Idaho Supreme Court denied Morgan's motion without comment and reset the due date for the filing of Morgan's appellant's brief. Morgan's appellate brief challenges the Idaho Supreme Court's order denying his motion to augment the record and the district court's order revoking his probation.

## II.

## ANALYSIS

Morgan claims that the Idaho Supreme Court violated his due process and equal protection rights and his right to effective assistance of counsel by denying his motion to

---

[1]    Morgan admitted to failing to complete the first required treatment program, using medications contrary to the manner prescribed by a physician, and driving without a valid driver's license.

[2]    Morgan admitted to being terminated from the second required treatment program due to poor attendance and violations of his behavior contract, and having contact with another probationer.

augment the record on appeal. He also contends that the district court abused its discretion when it revoked his probation.

## A. Denial of Motion to Augment

We begin by disclaiming any authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. Such an undertaking would be tantamount to the Court of Appeals entertaining an "appeal" from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. Nevertheless, if a motion is, in effect, renewed by the movant, and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the point of its assignment to this Court. Such may occur, for example, if the completed appellant's and/or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion.

It is not clear that the present case presents such a circumstance, i.e., that Morgan has presented to this Court any new information or justification for his motion to augment the record. However, assuming *arguendo* that the arguments in Morgan's appellant's brief may properly be entertained by this Court as a renewed motion to augment the record, we find his arguments to be without merit.

First, we examine whether Morgan's constitutional rights will be infringed if he is not allowed an augmentation of the record to include the transcripts of hearings associated with his first probation violation. We conclude that Morgan's argument is without merit. A defendant in a criminal case only has a due process right to "a record on appeal that is sufficient for adequate appellate review of the errors alleged regarding the proceedings below." *State v. Strand*, 137 Idaho 457, 462, 50 P.3d 472, 477 (2002) (citing *Draper v. Washington*, 372 U.S. 487 (1963); *Lane v. Brown*, 372 U.S. 477 (1963); *Eskridge v. Washington State Bd. of Prison Terms and Paroles*, 357 U.S. 214 (1958); *Griffin v. Illinois*, 351 U.S. 12 (1956)). In this case, Morgan appeals from the district court's order revoking his probation after a second violation. However, Morgan sought the inclusion of transcripts from the probation violation admission hearing and

the probation disposition hearing associated with his first probation violation. Morgan's motion asserted that these additional transcripts were relevant to the question of whether his probation should have been revoked after the second violation. Morgan has failed to show how the transcripts of the first probation violation hearings are necessary for a review of the district court's probation revocation.

The transcript from the disposition hearing provides an accurate account of the district court's evaluation of Morgan's revocation of probation. The district court stated:

> You don't follow through. You don't make your appointments. You make it impossible for probation to actually work, and then you suggest that you should continue on probation even though you don't do the most basic things of probation, which is make your appointments and follow through with what you are supposed to follow through with.

The district court's primary focus was the many opportunities and failures during Morgan's probation. The information the district court relied on is within the record, specifically, a letter from the Idaho Department of Health and Welfare and the Report of Probation Violation documents. Additionally, Morgan has admitted to missing appointments and failing to follow the terms of his probation. Morgan argues his appeal will be meaningless because it will be presumed that the missing transcripts support the district court's order revoking his probation. That is not true, however. This Court will not assume the omitted transcripts would support the district court's revocation order since they were not before the district court in the second probation violation proceedings, and the district court gave no indication that it based its revocation decision upon anything that occurred during those prior hearings.

Morgan asserts that this Court's decision in *State v. Hanington*, 148 Idaho 26, 218 P.3d 5 (Ct. App. 2009), requires a review of the *entire* record of proceedings in the trial court up to and including the revocation of probation. Morgan reads *Hanington* too broadly. As stated in *Hanington*, in reviewing the propriety of a probation revocation, we will not arbitrarily confine ourselves to only those facts which arise after sentencing to the time of the revocation of probation. *Id.* at 28, 218 P.3d at 8. However, that does not mean that *all* proceedings in the trial court up to and including sentencing are germane. The focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal.

4

Morgan's argument that denial of his motion to augment the record infringes his right to due process is without merit. The parties to an appeal have twenty-eight days from the service of the record to request additions or corrections to the record. Idaho Appellate Rule 29(a). In the event that there are no objections to the clerk's record within the twenty-eight-day time period, the "record shall be deemed settled." *Id.* Morgan was afforded the opportunity to designate not only the standard clerk's record, but also additional records necessary for inclusion in the clerk's record on appeal. I.A.R. 28(a), (c). Therefore, Morgan was provided the process by which he could designate all documents in the record necessary for appeal and he took advantage of that opportunity, but did not then request the transcripts of the November 29, 2009, and January 14, 2010, hearings. While I.A.R. 30 provides that a party may move the Supreme Court to add to the settled clerk's record, nothing therein creates a right to such augmentation. Morgan has not shown that the ability to designate records necessary for appellate review under I.A.R. 28 was insufficient to afford due process in this case.

Morgan's equal protection argument is equally unpersuasive. Morgan argues that he was denied the requested transcripts because he was indigent, constituting a violation of his equal protection rights. "[O]nce the State chooses to establish appellate review in criminal cases, it may not foreclose indigents from access to any phase of that procedure because of their poverty." *Burns v. Ohio*, 360 U.S. 252, 257 (1959) (citing *Griffin v. Illinois*, 351 U.S. 12 (1956)). Morgan was not denied the transcripts because of indigency. Morgan was afforded the opportunity to designate not only the standard clerk's record, but also additional records necessary for inclusion in the clerk's record on appeal. He had time to review the record and make any objections, corrections, additions, or deletions prior to settling of the record, pursuant to I.A.R. 29(a). Morgan's failure to fully and timely utilize the Idaho Appellate Rules, and his failure to demonstrate the need for the transcripts in his motion to augment the record, precluded him from including the first probation violation hearing transcripts, not his indigency. Morgan's motion to augment failed to make a showing that any appellant, indigent or otherwise, would be entitled to augment the record as requested.

Morgan argues that he cannot obtain effective assistance of counsel on appeal if he is denied the requested transcripts. Article 1, § 13 of the Idaho Constitution assures criminal defendants of "reasonably competent assistance of counsel." *Gibson v. State*, 110 Idaho 631, 635, 718 P.2d 283, 287 (1986) (quoting *State v. Tucker*, 97 Idaho 4, 8, 539 P.2d 556, 560 (1975);

5

*State v. Estes*, 111 Idaho 430, 434, 725 P.2d 135, 139 (1986)). Morgan has failed to demonstrate how effective assistance of counsel is not possible without the requested transcripts. Morgan's speculation that the requested transcripts "might" bear upon the district court's revocation of probation is not sufficient to establish he cannot effectively be counseled. Morgan has not shown that the requested transcripts are necessary for counsel to provide effective assistance regarding the issue raised in this appeal.

**B.     Probation Revocation**

Morgan argues that the district court abused its discretion when it revoked his probation and executed his suspended sentence. It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and is consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 326, 834 P.2d at 328.

Morgan was placed on probation for grand theft by wrongfully taking a Fentanyl pain patch from the prescribed user. Morgan has admitted numerous probation violations, including failing to complete the first required treatment program, using medications contrary to the manner prescribed by a physician, failing to obtain a valid driver's license, being terminated from the second required treatment program due to poor attendance and violations of his behavior contract, and having contact with another probationer. Morgan was given two opportunities to rehabilitate in the community, but continued to violate his probation. He was also given the benefit of the retained jurisdiction program. Applying the foregoing standards, we cannot say that the district court abused its discretion by revoking Morgan's probation and

ordering execution of his original sentence. The district court acted within the boundaries of its discretion and through an exercise of reason when it determined that probation was not achieving the goal of rehabilitation, and that Morgan's probation violations posed a serious risk to society.

## III.

## CONCLUSION

Morgan has failed to show a constitutional violation by the denial of his motion to augment the record on appeal by the Idaho Supreme Court. The district court did not abuse its discretion by revoking Morgan's probation. Accordingly, the district court's order revoking Morgan's probation is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**