IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 40331

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 500 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 22, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMES EDWARD BRIDGES, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy L. Hansen, District Judge.

Order revoking probation and requiring execution of unified ten-year sentence with three-year determinate term for grand theft, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

James Edward Bridges was convicted of grand theft, Idaho Code § 18-2403(1). The district court imposed a unified ten-year sentence with a three-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Bridges on probation. Subsequently, Bridges admitted to violating several terms of the probation. The district court revoked probation but reinstated probation with the condition that Bridges enroll in and successfully complete the Ada County Drug Court program. Upon completion of Drug Court, Bridges was again placed on probation. A second report of probation violation was filed and the district court revoked probation and ordered a second period of retained jurisdiction. Bridges

1

completed retained jurisdiction and was placed on probation for ten years. Following a third report of probation violation, the district court revoked probation and ordered execution of the original sentence. Bridges appeals, contending that the district court abused its discretion in failing to sua sponte reduce his sentence upon revocation of probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*. Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Bridges' original sentence without modification. Therefore, the order revoking probation and directing execution of Bridges' previously suspended sentence is affirmed.