IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40097

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 582 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 15, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JEREMY E. HATHAWAY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Susan E. Wiebe, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge
_____

PER CURIAM

Jeremy E. Hathaway pled guilty to attempted burglary. Idaho Code § 18-307. The district court sentenced Hathaway to a unified term of four years with one and one-half years determinate, but suspended the sentence and placed Hathaway on probation for a period of three years. Subsequently, Hathaway admitted to violating several terms of the probation, and the district court revoked probation, but retained jurisdiction. Following the period of retained jurisdiction, the district court again suspended Hathaway's sentence and placed him on probation. Hathaway violated his probation a second time and the district court revoked and then reinstated his probation. Less than one year, later Hathaway again violated his probation and the district court revoked his probation and imposed the original sentence. Hathaway made an Idaho

1

Criminal Rule 35 motion, which the district court denied. Hathaway appeals, asserting that the district court abused its discretion by denying his Rule 35 motion. Hathaway also asserts that the Idaho Supreme Court denied him due process and equal protection by denying his motion to augment the record on appeal.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Gill*, 150 Idaho 183, 186, 244 P.3d 1269, 1272 (Ct. App. 2010). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including the new information submitted with Hathaway's Rule 35 motion, we conclude no abuse of discretion has been shown.

Hathaway asks this Court to hold that the Idaho Supreme Court deprived him of due process and equal protection when it denied his motion to augment the record. We do not, however, have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id.* Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

Hathaway has not filed with this Court a renewed motion to augment the record or presented to this Court in his briefing any significant new facts or a new justification for augmentation beyond that already advanced in his motion to the Supreme Court. In essence, Hathaway asks us to determine that the Idaho Supreme Court violated constitutional law by

denying his motion.  As this is beyond the scope of our authority, we will not address the issue further.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by denying Hathaway's Rule 35 motion. Therefore, the district court's order denying Hathaway's Rule 35 motion is affirmed.