**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 40804/40805**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 713** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: October 17, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CHRISTY ANN CRANDALL,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order revoking probation and reinstating previously suspended unified ten-year sentence with two-year determinate term for grand theft, <u>affirmed</u>. Judgment of conviction and concurrent unified sentence of ten years with two years determinate for forgery, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

In Docket No. 40805, Christy Ann Crandall was convicted of grand theft, Idaho Code §§ 18-2403(1), 18-2407(1)(b). The district court imposed a unified ten-year sentence with a two-year determinate term and retained jurisdiction. At the conclusion of the retained jurisdiction period, the court suspended the sentence and placed Crandall on supervised probation for ten years. Subsequently, in Docket No. 40804, Crandall was convicted of forgery, I.C. § 18-3601, in violation of her probation in Docket No. 40805. The district court revoked probation in Docket No. 40805 and ordered execution of the underlying sentence. The district

court imposed a unified ten-year sentence with a two-year determinate term for forgery, to run concurrently with the grand theft sentence. Crandall filed Idaho Criminal Rule 35 motions for reduction of her sentences in both cases, which were denied. On appeal, Crandall does not challenge the district court's decision to revoke probation or the denial of her Rule 35 motions, but argues only that the district court abused its discretion in failing to sua sponte reduce her sentence in the grand theft case, and that her sentence in the forgery case is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*. Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Crandall's original sentence without modification. Therefore, the order revoking probation in Docket No. 40805 and directing execution of Crandall's previously suspended sentence, and the judgment of conviction and sentence in Docket No. 40804 are affirmed.

2