IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 40775/40776

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 420 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 20, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TY G MORGAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Order revoking probation and requiring execution of unified seven-year sentence with two and one-half-year determinate term for delivery of methamphetamine, concurrent unified five-year sentence with two-year determinate term for possession of methamphetamine, and concurrent seven-year sentence with three-year determinate term for possession of methamphetamine, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

These cases are consolidated on appeal. In Docket No. 40775, Ty G Morgan was convicted of one count of delivery of methamphetamine, Idaho Code § 37-2732(a)(1)(A), and one count of possession of methamphetamine, I.C. § 37-2732(c)(1). The district court imposed a unified seven-year sentence with a two and one-half-year determinate term on the delivery charge and a concurrent unified five-year sentence with a two-year determinate term on the possession charge, but after a period of retained jurisdiction, suspended the sentences and placed

1

Morgan on probation. Subsequently, Morgan admitted to violating several terms of the probation by incurring a charge in Docket No. 40776 of possession of methamphetamine, I.C. § 37-2732(c)(1). The district court continued Morgan on probation in the first case and imposed a concurrent seven-year sentence with three years determinate in the second case, suspended the sentences, and placed Morgan on probation. Morgan violated his probation and was ordered to complete a second period of retained jurisdiction. Upon completion of the second period of retained jurisdiction, the district court suspended Morgan's sentences and again placed him on probation. Following reports of probation violations, the district court revoked probation and ordered execution of the original sentences. Morgan filed Idaho Criminal Rule 35 motions for reduction of his sentences which the district court denied. Morgan appeals, contending that the district court abused its discretion in revoking probation without sua sponte reducing his sentences. Morgan also asserts that the Idaho Supreme Court deprived him of due process and equal protection when it denied his motion to augment the record.

Morgan asks this Court to hold that the Idaho Supreme Court deprived him of due process and equal protection when it denied his motion to augment the record. We do not, however, have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id.* Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

Morgan has not filed with this Court a renewed motion to augment the record or presented to this Court in his briefing any significant new facts or a new justification for augmentation beyond that already advanced in his motion to the Supreme Court. In essence,

2

Morgan asks us to determine that the Idaho Supreme Court violated constitutional law by denying his motion.

We adhere to our conclusion in *Morgan* that reviewing the denial of a motion to augment the record by the Supreme Court is beyond the scope of our authority. If a party files a renewed motion after the case assignment to this Court and presents new information or justification for the motion, we have the authority to rule on the motion. Morgan had an opportunity to present his constitutional arguments to the Supreme Court and that Court denied his motion. He has no right to appeal that denial to the Idaho Court of Appeals, and we have no authority to consider such an appeal. Therefore, we will not address Morgan's attempt to distinguish his case from *Morgan*, based on his appeal from the sentence, because it still falls within the challenge to the Idaho Supreme Court's denial of the motion to augment.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*. Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Morgan's original sentences without modification. Therefore, the order revoking probation and directing execution of Morgan's previously suspended sentences is affirmed.