**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40780**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 448 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 15, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CESAR GUARDIOLA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Cesar Guardiola pled guilty to aggravated driving under the influence. I.C. § 18-8006. The district court sentenced Guardiola to a unified term of five years, with a minimum period of confinement of two years, but suspended the sentence and placed Guardiola on probation. Guardiola violated the terms of his probation three times, and the district court ultimately revoked probation and ordered execution of Guardiola's original sentence. Guardiola filed an I.C.R 35 motion, which the district court denied. Guardiola appeals.

A.    **Denial of Motion to Augment Record**

Guardiola asks this Court to hold that the Idaho Supreme Court deprived him of due process when it denied his motion to augment the record. We do not, however, have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made

1

prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id.* Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

Guardiola has not filed with this Court a renewed motion to augment the record or presented to this Court in his briefing any significant new facts or a new justification for augmentation beyond that already advanced in his motion to the Supreme Court. In essence, Guardiola asks us to determine that the Idaho Supreme Court violated constitutional law by denying his motion. As this is beyond the scope of our authority, we will not address the issue further.

Guardiola had an opportunity to present his constitutional arguments to the Supreme Court and that Court denied his motion. He has no right to appeal that denial to the Idaho Court of Appeals, and we have no authority to consider such an appeal. As such, we will not address Guardiola's attempt to distinguish his case from *Morgan*, based on his appeal from the sentence, because it still falls within the challenge to the Idaho Supreme Court's denial of the motion to augment.

## B. Denial of Rule 35 Motion

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the

2

record, including the new information submitted with Guardiola's Rule 35 motion, we conclude no abuse of discretion has been shown.  Therefore, the district court's order denying Guardiola's Rule 35 motion is affirmed.