**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40977**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 464 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 21, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DARREN DALE ROA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order revoking probation and reinstating previously suspended unified five-year sentence, with two and a half year determinate term, for felony domestic violence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Darren Dale Roa pled guilty to felony domestic violence, I.C. §§ 18-918(3)(b, c) and 18-903(a), and the district court imposed a unified five-year sentence, with a two and a half year determinate term. The court suspended the sentence and placed Roa on probation. Following several probation violations and reinstatements on probation, the district court revoked Roa's probation and ordered his sentence into execution. Roa filed an I.C.R. 35 motion for reduction of his sentence, which the district court granted by retaining jurisdiction. Following successful completion of his rider, the district court again placed Roa on probation. Once again, Roa admitted to violating the terms of his probation, and the district court revoked probation and

1

ordered execution of Roa's suspended sentence. On appeal, Roa does not challenge the district court's decision to revoke probation, but argues only that this sentence is excessive and that the district court should have sua sponte reduced the sentence upon revocation of probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

Therefore, the order revoking probation and directing execution of Roa's previously suspended sentence is affirmed.