**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40908**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 481 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 29, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MEGAN ELIZABETH HART, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction and consecutive indeterminate sentences of three years for two counts of issuing an insufficient funds check, _affirmed_.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Megan Elizabeth Hart was convicted of two counts of issuing an insufficient funds check, Idaho Code § 18-3106(a). The district court withheld judgment and placed Hart on probation for six years. Following a report of probation violation, the district court revoked the withheld judgment and imposed two indeterminate sentences of three years, to run consecutive to sentences in a separate case of three years with two years determinate and three years indeterminate, also running consecutively. Hart appeals, contending that her sentences are excessive and that the Idaho Supreme Court deprived her of due process, equal protection, and effective assistance of counsel when it denied her motion to augment the record.

1

Hart asks this Court to hold that the Idaho Supreme Court deprived her of due process, equal protection, and effective assistance of counsel when it denied her motion to augment the record. We do not, however, have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id*. Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

Hart has not filed with this Court a renewed motion to augment the record or presented to this Court in her briefing any significant new facts or a new justification for augmentation beyond that already advanced in her motion to the Supreme Court. In essence, Hart asks us to determine that the Idaho Supreme Court violated constitutional law by denying her motion.

We adhere to our conclusion in *Morgan* that reviewing the denial of a motion to augment the record by the Supreme Court is beyond the scope of our authority. If a party files a renewed motion after the case assignment to this Court and presents new information or justification for the motion, we have the authority to rule on the motion. Hart had an opportunity to present her constitutional arguments to the Supreme Court and that Court denied her motion. She has no right to appeal that denial to the Idaho Court of Appeals, and we have no authority to consider such an appeal. Therefore, we will not address Hart's attempt to distinguish her case from *Morgan*, based on her appeal from the sentence, because it still falls within the challenge to the Idaho Supreme Court's denial of the motion to augment.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-

2

15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Hart's judgment of conviction and sentence are affirmed.