## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 41321

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 503 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 13, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DAVID PAUL STOCKTON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order revoking probation and reinstating previously suspended unified six-year sentence with two-year determinate term for aggravated assault and use of a deadly weapon in the commission of a crime, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

David Paul Stockton pleaded guilty to aggravated assault, Idaho Code §§ 18-901(b), 18-905(a); and use of a deadly weapon in the commission of a crime, Idaho Code § 19-2520. The district court imposed a unified seven-year sentence with a two-year determinate term, suspended the sentence, and placed Stockton on probation. Pursuant to an Idaho Criminal Rule 35 motion, the district court reduced Stockton's sentence to six years with two years determinate. Probation was subsequently revoked and the suspended sentence ordered into execution. On appeal, Stockton does not challenge the district court's decision to revoke

1

probation, but argues only that the court abused its discretion when it failed to sua sponte reduce his sentence upon revoking probation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*. Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

Assuming that the issue is properly raised on appeal, applying the foregoing standards and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, the order revoking probation and directing execution of Stockton's previously suspended sentence is affirmed.