**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 41673/41674**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 572 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 19, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHRISTOPHER MICHAEL HUCKABY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Order revoking probation and requiring execution of unified nine-year sentence with four-year determinate term for felony domestic battery and concurrent unified sentence of ten years with five-year determinate term for possession of methamphetamine, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge
_____

PER CURIAM

Christopher Michael Huckaby was convicted of felony domestic battery, Idaho Code § 18-918(5). The district court imposed a unified nine-year sentence with a four-year determinate term, suspended the sentence, and placed Huckaby on probation. Following a report of probation violations, the district court revoked probation, ordered execution of Huckaby's sentence, and retained jurisdiction. Upon completion of the retained jurisdiction program, the district court returned Huckaby to probation. Subsequently, Huckaby admitted to violating several terms of the probation including incurring a new charge for possession of

1

methamphetamine. The district court consequently revoked probation in the battery case, imposed a unified ten-year sentence with five years determinate for possession, and retained jurisdiction in both cases. At the end of the retained jurisdiction period, Huckaby was placed on probation. Following a report of probation violation, Huckaby was continued on probation. Huckaby subsequently admitted to further probation violations and the district court revoked probation and executed the original sentences in both cases. Huckaby filed Idaho Criminal Rule 35 motions in both cases which were denied. He does not challenge the orders denying those motions. On appeal, Huckaby contends that the district court abused its discretion in revoking probation without reducing his sentences sua sponte.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*. Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Assuming that the issue is properly before this Court, we conclude that the district court did not err in ordering execution of Huckaby's sentence without modification. Therefore, the order revoking probation and directing execution of Huckaby's previously suspended sentence is affirmed.