IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 41579

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 635 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 22, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRADLEY STEPHEN WALLACE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Order revoking probation and reinstating previously suspended unified twenty-year sentence, with three-year determinate term, for aiding and abetting robbery, <u>affirmed</u>.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Bradley Stephen Wallace pled guilty to aiding and abetting robbery. I.C. § 18-6501 and 18-204. In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified twenty-year sentence, with a five-year determinate term. The court suspended the sentence and placed Wallace on probation. Following violations of probation, the district court revoked Wallace's probation, but retained jurisdiction. After Wallace successfully completed his rider, the district court again suspended the sentence and placed Wallace on probation. Thereafter, Wallace violated the terms of his probation, his probation was revoked, and the suspended sentence was ordered into execution. Upon revocation of Wallace's probation, the district court reduced Wallace's sentence to a unified term of twenty years, with a

1

minimum period of confinement of three years. On appeal, Wallace does not challenge the district court's decision to revoke probation, but argues only that this sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, the order revoking probation and directing execution of Wallace's previously suspended sentence is affirmed.