**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43066**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 751** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 7, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **AARON DEAN McINTOSH,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

Order revoking probation and executing previously suspended sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Aaron Dean McIntosh pled guilty to felony driving under the influence. I.C. §§ 18-8004, 18-8005(5). In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced McIntosh to a unified term of five years, with a minimum period of confinement of one year, but after a period of retained jurisdiction, suspended the sentence and placed McIntosh on probation. McIntosh admitted to violating the terms of his probation. The district court revoked probation, ordered execution of the sentence, but again retained jurisdiction. Following successful completion of his period of retained jurisdiction, the district court again supended the sentence and placed McIntosh on probation. Subsequently, McIntosh admitted to

1

violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. On appeal, McIntosh does not challenge the district court's decision to revoke probation, but argues only that his sentence is excessive and should be commuted.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, the order revoking probation and directing execution of McIntosh's previously suspended sentence is affirmed.