**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44432**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 513** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 30, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **JOHNNY LEE GIBBS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order revoking probation and executing unified four-year sentence, with two years determinate, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Johnny Lee Gibbs pleaded guilty to failure to register as a sex offender. Idaho Code § 18-8309(1). The district court sentenced Gibbs to a unified five-year sentence, with two years determinate, suspended the sentence and placed Gibbs on probation. Gibbs admitted to violating the terms of probation, and the district court continued him on probation. Subsequently, Gibbs admitted to violating the terms of his probation a second time and the district court consequently revoked probation and retained jurisdiction. Following Gibbs' period of retained jurisdiction, the district court placed Gibbs on probation. Once again, Gibbs' admitted to violating the terms of his probation and the district court revoked probation and ordered the execution of a modified,

1

unified four-year sentence, with two years determinate. Gibbs filed a timely Idaho Criminal Rule 35 motion. On appeal, Gibbs does not challenge the district court's decision to revoke probation, but argues only that his modified sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). The district court reduced Gibbs' sentence from a unified five-year sentence, with two years determinate, to a unified four-year sentence, with two years determinate. Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, the order revoking probation and directing execution of Gibbs' modified sentence is affirmed.

2