**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44573**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 452 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 2, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| FRANCISCO JAVIER VAZQUEZ-GUZMAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Order revoking probation, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Francisco Javier Vazquez-Guzman pled guilty to operating a vehicle without owner's consent and to driving without privileges. Idaho Code §§ 49-227, 18-8001(5). The district court sentenced Vazquez-Guzman to a unified term of five years with two years determinate, suspended the sentence, and placed Vazquez-Guzman on supervised probation for three years. Subsequently, Vazquez-Guzman admitted to violating the terms of the probation. The State filed a second motion to revoke probation and the district court continued the disposition hearing for ninety days to allow Vazquez-Guzman time to get into compliance with this probation. But prior to the disposition hearing, the State filed a third motion to revoke probation. Consequently the

1

district court revoked probation, ordered execution of the original sentence, and retained jurisdiction. Following the period of retained jurisdiction, the district court suspended the balance of Vazquez-Guzman's sentence and reinstated probation for a period of three years. The State later filed a fourth and subsequently a fifth motion to revoke probation. Vazquez-Guzman admitted to violating the majority of the terms of the probation. The district court revoked Vazquez-Guzman's probation and ordered his sentence executed. Vazquez-Guzman appeals, contending that the district court abused its discretion by revoking the probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record

2

on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standard, and having reviewed the record in this case, we cannot say that the district court abused its discretion by revoking probation. Therefore, the order revoking probation and directing execution of Vazquez-Guzman's previously suspended sentence is affirmed.