## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 44660

| | |
|---|---|
| **STATE OF IDAHO,** | ) 2017 Unpublished Opinion No. 621 |
| | ) |
| **Plaintiff-Respondent,** | ) Filed: October 18, 2017 |
| | ) |
| v. | ) Karel A. Lehrman, Clerk |
| | ) |
| **DOUGLAS B. MALAR,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Order revoking probation and order granting Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Douglas B. Malar pleaded guilty to felony driving under the influence, Idaho Code § 18-8004. The district court sentenced Malar to a unified five-year sentence, with two years determinate, suspended the sentence and placed Malar on probation. Malar admitted violating the terms of his probation and the district court revoked probation, executed the sentence, and retained jurisdiction. After a period of retained jurisdiction, the district court suspended the sentence and placed Malar on probation. Malar admitted to violating the terms of the probation, and the district court ordered Malar to serve ninety days jail and continued his probation. Later, Malar again admitted to violating the terms of the probation, and the district court ordered Malar to participate in drug court. Subsequently, Malar violated the terms of his probation and the

1

district court ordered execution of the original sentence. Malar filed an Idaho Criminal Rule 35 motion. Following a hearing, the district court granted the motion and reduced Malar's sentence to a unified four-year sentence, with two years determinate.

Malar was granted post-conviction relief and the district court entered amended judgments of conviction for Malar's third and fourth probation violations as well as an amended order granting Malar's I.C.R. 35 motion. Malar timely appeals, contending that the district court abused its discretion in revoking probation and failing to further reduce his sentence pursuant to his I.C.R. 35 motion.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.* Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation.

Initially, we note that a lower court's decision to grant or deny an I.C.R. 35 motion will not be disturbed in the absence of an abuse of discretion. *State v. Villarreal*, 126 Idaho 277, 281, 882 P.2d 444, 448 (Ct. App. 1994). Both our standard of review and the factors to be considered

in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Since the district court later modified Malar's sentence, pursuant to his I.C.R. 35 motion, we will only review Malar's modified sentence for an abuse of discretion. *See State v. McGonigal*, 122 Idaho 939, 940-41, 842 P.2d 275, 276-77 (1992). Malar has the burden of showing a clear abuse of discretion on the part of the district court in failing to further reduce the sentence on Malar's I.C.R. 35 motion. *See State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979). Malar has failed to show such an abuse of discretion. Accordingly, the order of the district court granting Malar's I.C.R. 35 motion is affirmed.

Therefore, the order revoking probation and directing execution of Malar's previously suspended sentence and the order granting Malar's I.C.R. 35 motion are affirmed.