# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50815

STATE OF IDAHO,

       Plaintiff-Respondent,

v.

ANN MARIE SEDOR,

       Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed:  February 1, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County.  Hon. Michael P. Tribe, District Judge.

Order revoking probation and executing underlying sentence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Ann Marie Sedor pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1).  In exchange for her guilty plea, an additional charge was dismissed.  The district court imposed a unified term of five years with three years determinate, suspended the sentence, and placed Sedor on probation for a period of five years.  Subsequently, Sedor admitted to violating the terms of the probation, and the district court consequently revoked probation, executed the original sentence, and placed Sedor on retained jurisdiction.  Following the period of retained jurisdiction, the district court suspended the sentence and placed Sedor on probation for a period of five years.  Later, Sedor admitted to violating probation and the district court revoked Sedor's probation, executed the original sentence, and placed her on retained

1

jurisdiction. Following the second period of retained jurisdiction, the district court suspended the sentence and placed Sedor back on probation for a period of three years. Again, Sedor admitted to violating the terms of probation and the district court revoked Sedor's probation and executed the original sentence of five years with three years determinate, with credit for time served. Sedor appeals, contending that the district court abused its discretion by revoking probation and executed the underlying sentence.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Sedor's sentence without modification. Therefore, the order revoking probation and directing execution of Sedor's previously suspended sentence is affirmed.