# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50977

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

JASON MARION TOMASON,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  September 30, 2024

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. John T. Mitchell, District Judge.

Order revoking probation, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

---

PER CURIAM

Jason Marion Tomason pled guilty to possession of a controlled substance.  Idaho Code § 37-2732(c)(1).  In exchange for his guilty plea, additional charges were dismissed.  The district court imposed a unified sentence of five years, with a minimum period of confinement of two years, suspended the sentence and placed Tomason on probation.  Subsequently, Tomason admitted to violating the terms of probation.  The district court consequently revoked probation and executed the underlying sentence but retained jurisdiction.  Tomason appeals, contending that the district court abused its discretion in revoking probation, executing his underlying sentence and retaining jurisdiction.

1

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, the order revoking probation, executing the underlying sentence and retaining jurisdiction, is affirmed.