# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51288

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 25, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| AARON DAVID MCDANIEL, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Order revoking probation and executing previously suspended sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Aaron David McDaniel pled guilty to possession of a controlled substance. Idaho Code § 37-2732(c)(1). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced McDaniel to a unified term of seven years, with a minimum period of confinement of two and one-half years, but after a period of retained jurisdiction, suspended the sentence and placed McDaniel on probation. Subsequently, McDaniel admitted to violating the terms of probation, and the district court consequently revoked probation and ordered execution of the original sentence. McDaniel appeals, contending that the district court abused its discretion by revoking probation, or in the alternative, failing to reduce his sentence.

1

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

The district court has inherent power to reduce a sentence during a term of probation. *State v. Brown*, 170 Idaho 439, 446, 511 P.3d 859, 866 (2022). A request for reduction of sentence is addressed to the sound discretion of the district court. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries

of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in either revoking probation or in ordering execution of McDaniel's sentence without modification. Therefore, the order revoking probation and directing execution of McDaniel's previously suspended sentence is affirmed.