## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket Nos. 51342/51343

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 18, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| WILLIAM JAMES FOWLER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Bruce L. Pickett, District Judge.

Orders revoking probation and executing previously suspended sentences, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge
_____

PER CURIAM

This appeal involves two consolidated cases. In Docket No. 51342, William James Fowler pled guilty to attempted grand theft. Idaho Code § 18-2407(1)(b)(4). The district court sentenced Fowler to a unified term of five years, with a minimum period of confinement of one and one-half years and retained jurisdiction. After the period of retained jurisdiction, the district court suspended the sentence and placed Fowler on probation for a period of four years. Fowler admitted to violating the terms of probation and the district court placed him back on probation for a period of four years. In January 2022, Fowler admitted to violating the terms of probation and the district court continued him on probation. In September 2022, Fowler admitted to violating the terms of

1

probation and the district court revoked probation, ordered execution of the previously suspended sentence, and retained jurisdiction. After the second period of retained jurisdiction, the district court suspended the sentence and placed Fowler on probation for a period of five years. Subsequently, Fowler admitted to violating the terms of probation, and the district court consequently revoked probation and ordered execution of the original sentence.

In Docket No. 51343, Fowler pled guilty to domestic battery with traumatic injury. I.C. § 18-918(2)(a). The district court sentenced Fowler to a unified term of ten years, with a minimum period of confinement of three years, suspended the sentence and placed Fowler on probation for a period of five years.[1] In September 2022, Fowler admitted to violating the terms of probation and the district court revoked probation, ordered execution of the previously suspended sentence, and retained jurisdiction. After the period of retained jurisdiction, the district court suspended the sentence and placed Fowler on probation for a period of five years. Fowler admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Fowler appeals, contending that the district court abused its discretion by revoking probation and executing the underlying sentences in both cases.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to

---

[1]     The sentence in Docket 51343 was ordered to run concurrently with the sentence in Docket 51342.

revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in either revoking probation or in ordering execution of Fowler's sentences. Therefore, the orders revoking probation and directing execution of Fowler's previously suspended sentences are affirmed.