**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51163/51164/51165**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 28, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| NICHOLAS DAVID MCARTHUR, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Orders revoking probation and executing previously suspended sentences, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Stacy M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

_____

PER CURIAM

This appeal involves three consolidated cases. In Docket No. 51163, Nicholas David McArthur pled guilty to felony possession of methamphetamine. Idaho Code § 37-2732(c)(1). The district court sentenced McArthur to a unified term of seven years, with a minimum period of confinement of three years; however, the district court suspended the sentence and placed McArthur on probation for five years. Subsequently, McArthur admitted to violating the terms of probation and the district court placed him back on probation. In August 2020, McArthur admitted to violating the terms of probation and the district court revoked probation, ordered execution of the previously suspended sentence, and retained jurisdiction.

1

In Docket No. 51164, McArthur pled guilty to felony possession of methamphetamine. I.C. § 37-2732(c)(1). The district court sentenced McArthur to a unified term of six years, with a minimum period of confinement of two years, to run concurrently to the sentence in Docket No. 51163; however, the district court later amended the sentence and retained jurisdiction.

In Docket No. 51165, McArthur pled guilty to burglary. I.C. § 18-1401. The district court sentenced McArthur to a unified term of eight years, with a minimum period of confinement of two years, and retained jurisdiction. The district court ordered this sentence to run consecutively to the sentences in Docket Nos. 51163 and 51164.

After the period of retained jurisdiction, the district court suspended the sentences and placed McArthur on probation for five years in all three cases. Subsequently, McArthur admitted to violating the terms of probation and the district court consequently revoked probation and ordered execution of the original sentences in all three cases. McArthur filed an Idaho Criminal Rule 35 motion in all three cases; however, the district court denied all three motions.[1] McArthur appeals, contending that the district court abused its discretion by revoking probation and executing the underlying sentences in all three cases.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to

---

[1] On appeal, McArthur does not challenge the district court's denial of his Rule 35 motions for reduction of sentence.

2

revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation and order of execution issues which are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in either revoking probation or in ordering execution of McArthur's sentences. Therefore, the orders revoking probation and directing execution of McArthur's previously suspended sentences are affirmed.